## Thompson Estate

*Frank J. Rejevich,* for petitioner.

*Frank S. Moser,* for respondents.

TROUTMAN, J., August 24, 1964.—On October 7, 1963, executors under the will of F. LaMar Thompson, deceased, filed their first and final account and statement of proposed distribution in the office of the Register of Wills of Northumberland County. Notice of the filing thereof was forwarded to Mrs. Nellie A. Weitzel as beneficiary. The notice stated that the account would be confirmed and the statement of proposed distribution approved by the Orphans' Court of Northumberland County on November 25, 1963, unless exceptions were filed thereto on or before Saturday, November 23, 1963, at noon. On November 20, 1963, Alice Erdman, a beneficiary, filed exceptions to the said account, and no other exceptions were filed.

On April 2, 1964, the petition of Lewis R. Thompson as attorney in fact for Nellie A. Weitzel, one of the beneficiaries, by his attorney, Frank J. Rejevich, Esq., was presented to the orphans' court of this county praying for a rule on executors to show cause why additional time should not be granted for the purpose of filing supplemental exceptions to the first and final account filed by them. A rule was granted on the said executors returnable April 20, 1964.

On April 20, 1964, executors, Roy Thompson and Clarence M. Thompson, filed preliminary objections to the petition filed by Lewis R. Thompson, asking the court to dismiss the said petition and the rule granted thereon for the reasons set forth in their preliminary objections. The said objections are now before the court for disposition.

The first reason assigned in support of the preliminary objections is that the petition does not conform to the rules of court in that it is not signed by Nellie A. Weitzel as a party in interest, and no reason appears in the petition or affidavit for Frank J. Rejevich, Esq. to sign and swear to it.

Rule NOC 302(a) provides "all petitions and answers shall be in writing and shall be signed and sworn to by the party in interest where practicable or, where not practicable, may be signed and sworn to by some other person who is acquainted with the facts. In the latter instance, the reason for so doing must appear in the petition, answer, or the affidavit thereto."

There is no affirmative allegation either in the petition itself or in the affidavit setting forth any reason why the petition and the affidavit thereto was executed and taken by the attorney rather than by the party in interest. At the argument petitioner contended that the allegations of the petition itself show that an auditor's hearing was scheduled in this estate for April 8, 1964; that the attorney in fact and the petitioner herself lived at distant points, and that is was not until March 17, 1964, that Joseph H. Sharlitt, Esq., attorney for Lewis R. Thompson, informed the local attorney that there were certain matters connected with the administration of the estate that, if not corrected, would inflict serious injury and injustice upon the beneficiaries of said estate, and that the court could infer from the nature of the foregoing allegations that in order to file the present petition before the auditor's

hearing, it was necessary for him to present the same.

We cannot agree with this reasoning, for it was a simple matter for the attorney to set forth either in the petition or the affidavit in definite language the reason for his presenting the petition and taking the affidavit appended thereto. The petition fails to comply with the provisions of Rule NOC 302(a). However, we are of the opinion that petitioner should be given leave to file an amended affidavit setting forth the reason for his making the affidavit rather than the party in interest.

The second reason in support of the preliminary objections is that the power of attorney referred to in paragraph 3 of the petition is not sufficient in law to constitute Lewis R. Thompson as the attorney in fact for Nellie A. Weitzel and, consequently, the said petition has not been filed by a party in interest as required by law.

Paragraph 3 of the petition alleges that Lewis R. Thompson was granted a power of attorney to represent Nellie A. Weitzel, beneficiary of the estate. No copy of the power of attorney is attached to the petition as required by NOC 304(b). In the argument, the attorney for the executors displayed a general power of attorney which he stated was delivered to him. This power of attorney, dated December 19, 1962, named Lewis R. Thompson her true and lawful attorney for her, and in her name to act generally as her attorney in relation to her capacity only as heir in the settlement of the estate of Cora Thompson, and was signed by Nellie A. Weitzel. This power of attorney does not constitute Lewis R. Thompson as the attorney in fact for Nellie Weitzel as beneficiary of the estate of F. LaMar Thompson and he is not a party in interest. Only a party in interest can object to an account: Section 712, Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.712.

We find merit in the executor's second reason in support of their preliminary objections inasmuch as NOC 304 (b) requires that a copy of the power of attorney empowering Lewis R. Thompson to represent the party in interest be attached to the said petition. However, we are of the opinion that leave should be granted petitioner to amend his petition by attaching such a power of attorney.

The third reason assigned by the executors in support of their preliminary objections is that the petition does not conform to the rules of court in that it does not request the issuance of a citation, nor was a citation issued or waived.

In the orphan's court a citation is the proper process by which initial jurisdiction over the person is obtained: Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 704, 20 PS § 2080.704; Supreme Ct. O. C. Rule, section 14. However, we are of the opinion that in a proceeding such as the present, it is not necessary to have the award of a citation, inasmuch as the executors are already under the jurisdiction of the orphans' court, and the present proceeding is for the court to allow petitioner to file objections to their account nunc pro tunc. Consequently we find no merit in the third reason in support of the preliminary objections.

The fourth reason assigned in support of the preliminary objections is that petitioner failed to comply with Rule NOC 610 (c) requiring objections to an account to be filed at or before noon of the Saturday preceding the day fixed for consideration, confirmation and approval. The fifth reason in support of the preliminary objections contends that the petition states no reason for granting an extension of time beyond that fixed by Rule NOC 610 (a). Clearly petitioner did not file his exception within the time provided by our rules of court and he does not, in fact, set forth any definite reasons why his objections were not filed except

the allegation of paragraph 9 of the petition in that the attorney for Lewis R. Thompson did not discover what he believes should be the subject of objections until March 17, 1964. These reasons assigned in support of the preliminary objections really go to the main question involved in the petition, namely, whether or not petitioner should be permitted to file objections notwithstanding the expiration of the last date set forth in the notice of the register of wills. We are of the opinion, however, that the petition should more specifically set forth the reasons why petitioner is asking the court to grant him leave to file objections to the account nunc pro tunc.

The sixth, seventh and eighth reasons assigned in support of the preliminary objections are to the effect that the petition fails to set forth a copy of the objections proposed to be filed, or the matters which should be brought before the auditor requiring correction. We are of the opinion that it is vital for the purpose of granting relief that the objections proposed to be filed should be attached to the petition and reasons given why an extension of time for filing the said objections is necessary.

Section 2, rule 1 of the Supreme Court Orphans' Court Rules provides, inter alia, that the court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest. Rule 2 of section 2 provides that the court upon its own motion may extend any limitation of time prescribed by these rules. Accordingly, we must sustain the preliminary objections filed by the executors and grant leave to petitioner to file an amended petition in accordance with this opinion within a period of 10 days from the date of the filing of this opinion, and upon failure to do so, the petition will be dismissed.

*Order*

And now, to wit, August 24, 1964, the executors' preliminary objections to the petition for a rule to show cause why additional time to file supplemental exceptions to the account should not be granted, are hereby sustained. The petition and rule to show cause shall be dismissed unless petitioner files an amended petition within 10 days from the date of the filing of this order.

Let exceptions be noted for each party.